### HELLRIEGEL et al. v. CORSON.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

ALTERATION OF INSTRUMENTS—EVIDENCE—RELEVANCY.

    In an action by an indorsee of a note, on an issue whether the words "with interest," inserted at an improper place by the payee, had been interlined after execution of the instrument, the payee testified that the note was drawn by him in his usual manner of drawing notes. *Held,* that a note which had been drawn by the payee in proposed renewal of the note in suit was admissible in behalf of defendant, where it bore the written words "with interest" in the proper place.

Appeal from trial term, Erie county.

Action by Salome Hellriegel and another against George A. Corson. From a judgment in favor of plaintiffs, and from an order denying a motion for new trial made on the minutes, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

William C. Fitch, for appellant.

Edmund J. Plumley, for respondents.

PER CURIAM. This action was brought upon a promissory note of $275, dated December 2, 1895, signed by the defendant, and payable to the order of one John Thompson three months after date. This note was partly printed and partly written. It purported to bear interest, and the words "with interest" were interlined, apparently after the blank space had been filled in. One of the defenses to the note was that these words were not written in prior to the time of its execution, but that they were interlined subsequently, and without the knowledge or consent of the maker. After the note had been transferred to the plaintiffs, and shortly before its maturity there was some talk in reference to its renewal, and a renewal note was drawn up by the payee, Thompson, who was called as a witness for the plaintiffs, and testified that the body of the original note, save such portion thereof as was printed, was in his handwriting. He also admitted that he inserted the words "with interest," and said that the note was drawn up in his usual manner of drawing notes. It appears that these words were so interlined as to make the original note read as follows, viz.: ·

"$275.00.                              Buffalo, N. Y., Dec. 2, 1895.

    "Three months after date I promise to pay to the order of John Thompson two hundred and seventy-five, with interest, dollars at the Citizens' Bank of Buffalo. Value received.                              G. A. Corson.

    "Indorsed:

      "John Thompson.

      "Hellriegel & Co."

—Whereas in the proposed renewal note they appeared in their proper place, at the end thereof. After Thompson had testified as above stated, the defendant's counsel offered the renewal note in evidence; but, upon the plaintiffs' objection, it was excluded by the court, to which ruling an exception was duly taken. Subsequently Thompson was again called to the stand, and another attempt was made to introduce the renewal note in evidence. It was again excluded, and the defendant took another exception to the ruling of the court.

One of the main issues tendered upon the trial was the fraudulent alteration of the note in suit. Such alteration, if made at all, must have been made by the witness Thompson. He testified that the note was in his handwriting. and that it was drawn up in his usual manner of drawing notes. It is claimed, and not denied, that the renewal note was not drawn up in the same manner as the original, but that the words "with interest," instead of being interlined, appeared in the usual place. We think this was a circumstance which the defendant was entitled to have brought to the attention of the jury, and that it was error in the learned trial justice to exclude the evidence. The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.